**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHARLES TAYLOR,**<br>**Individually and on behalf of all others similarly situated** | § § § § | **Civil Action No.** 5:19-cv-00347 |
| ***Plaintiff,*** | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **C6 DISPOSAL SYSTEMS, INC.** | § § | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |
| ***Defendant.*** | § | |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Charles Taylor brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for C6 Disposal Systems, Inc. ("Defendant" or "C6") at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Texas common law claim is asserted as a class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Texas.

2. Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of C6 who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout the United States at any time during the relevant statutes of limitation.

3. Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4. During the relevant time period, C6 has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, C6's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. C6 also does not compensate Plaintiff and the Putative Class Members for all hours spent working while Plaintiff and the Putative Class Members are in line at the landfill. Specifically, when Plaintiff Taylor spent over an hour in line waiting at the dump, C6 would only pay Plaintiff Taylor for thirty minutes.

7. The effect of C6's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, C6 has failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Texas state law.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law.

9. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas class action pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Henry designated herein be named as the Class Representative for the Texas Class.

## II.
## THE PARTIES

12. Plaintiff Charles Taylor ("Taylor") was employed by C6 in Texas during the relevant time period. Plaintiff Taylor did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former Waste Disposal Drivers who were employed by C6, anywhere in the United States and at any time from April 3, 2016 through

[1] The written consent of Charles Taylor is attached hereto as Exhibit "A."

the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Taylor worked and was paid.

14. The Texas Class Members are those current and former Waste Disposal Drivers who were employed by C6 in Texas, at any time from April 3, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Taylor worked and was paid.

15. Defendant C6 Disposal Systems, Inc. is a domestic for-profit corporation, organized under the laws of the State of Texas. C6 Disposal Systems, Inc. may be served through its registered agent for service of process: **Jorge Antonio Cantu, 2123 FM 1516, Converse, Texas 78109.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over C6 because the cause of action arose within this district as a result of C6's conduct within this District and Division.

19. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, C6 has maintained a working presence throughout the State of Texas and Plaintiff and the Putative Class Members worked for C6 in San Antonio, Texas which is located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# ADDITIONAL FACTS

22. Defendant C6 is a full-service solid waste company providing waste collection, recycling and disposal services to commercial, industrial and residential customers across the state of Texas.[2]

23. To provide their services, C6 employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

24. Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by C6 for the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

25. Importantly, none of the FLSA exemptions relieving a covered employer (such as C6) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

26. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of C6 resulting in the complained of FLSA violations.

27. C6 has a policy that Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked.

---

[2] *See* https://www.c6disposal.com/company/c-6-customers/

28. C6 was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute or one-hour meal periods without pay in violation of the FLSA.

29. When calculating Plaintiff and the Putative Class Members' hours each pay period, C6 deducted (and continues to deduct) thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

30. In other words, for each 5-day workweek, C6 deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, C6 deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

31. C6's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

32. C6's systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

33. C6 also has a corporate policy to not pay Plaintiff and the Putative Class Members for all time spent waiting in line at the landfill. Specifically, Plaintiff Taylor would only be paid for thirty (30) minutes of wait time at the landfill even though his actual wait time could be over an hour per day.

34. The time spent waiting in line at the landfill to drop off loads by Plaintiff and the Putative Class Members is essential and integral to C6's business and C6 knew (and continues to know)

that the FLSA requires C6 to pay Plaintiff and the Putative Class Members for all the time they spent waiting in line to access the landfill.

35. As a result of C6's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

36. C6's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

37. C6 knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

38. C6 knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

39. C6 knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

40. C6's actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSES OF ACTION

### <u>COUNT ONE</u>
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

41. All previous paragraphs are incorporated as though fully set forth herein.

42. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR C6 DISPOSAL SYSTEMS, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 3, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

43. At all times hereinafter mentioned, C6 has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, C6 has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45. Specifically, C6 operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

46. During the respective periods of Plaintiff and the FLSA Collective Members' employment by C6, these individuals provided services for C6 that involved interstate commerce for purposes of the FLSA.

47. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

48. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Waste Disposal Drivers who assisted C6's customers throughout the United States. 29 U.S.C. § 203(j).

49. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

50. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 42.

51. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of C6.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

52. C6 violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

53. Moreover, C6 knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

54. C6 knew or should have known its pay practices were in violation of the FLSA.

55. C6 is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

56. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted C6 to pay them according to the law.

57. The decision and practice by C6 to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

58. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of C6's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

61. Other similarly situated employees of C6 have been victimized by C6's patterns, practices, and policies, which are in willful violation of the FLSA.

62. The FLSA Collective Members are defined in Paragraph 42.

63. C6's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of C6, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

64. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

65. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

66. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

67. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

68. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and C6 will retain the proceeds of its violations.

69. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

70. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 42 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of Texas Common Law)**

## A. VIOLATIONS OF TEXAS COMMON LAW

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Plaintiff Taylor further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

73. The Texas Class is defined as:

> **ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR C6 DISPOSAL SYSTEMS, INC. IN TEXAS, AT ANY TIME FROM APRIL 3, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Class" or "Texas Class Members").**

74. Plaintiff Taylor and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of C6. These claims are independent of Plaintiff Taylor's claims for unpaid overtime wages pursuant to the FLSA, and they

are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

75. Plaintiff Taylor and the Texas Class Members provided valuable services for C6, at C6's direction and with C6's acquiescence.

76. C6 accepted Plaintiff Taylor and the Texas Class Members' services and benefited from Plaintiff Taylor's timely dedication to C6's customers.

77. C6 was aware that Plaintiff Taylor and the Texas Class Members expected to be compensated for the services they provided to C6.

78. C6 has therefore benefited from services rendered by the Plaintiff Taylor and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B. TEXAS COMMON LAW CLASS ALLEGATIONS**

79. The Texas Common Law Plaintiffs bring their Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by C6 to work in Texas since April 3, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

80. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

81. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

82. Plaintiff Taylor is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

83. Plaintiff Taylor and his counsel will fairly and adequately represent the class members and their interests.

84. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

85. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 73.

## VI.
## RELIEF SOUGHT

86. Plaintiff respectfully prays for judgment against C6 as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 42 and requiring C6 to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding C6 liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Texas Class as defined in Paragraph 73 and designating Plaintiff Taylor as the Class Representative of the Texas Class.

e. For an Order pursuant to the Texas Act awarding the Texas Class Members all damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Taylor a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of C6, at C6's expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 3, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*

**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiffs and the Putative Class Members***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander