IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES TAYLOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; § § § § § *Plaintiff,* § § vs. § C6 DISPOSAL SYSTEMS, INC., § § *Defendant.* § | | SA-19-CV-00347-ESC |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion for Conditional Certification and Notice to the Putative Class Members [#19]. On July 26, 2019, the parties appeared before the Court at an initial pretrial conference and the Court heard argument on Plaintiff's motion. Having reviewed the motion, response, and reply, and supporting declarations, and considering the arguments of counsel at the conference, the Court finds that Plaintiff has satisfied the lenient standard for certification and his motion should be granted.

### I. Analysis

Plaintiff Charles Taylor filed this collective action on behalf of himself and all others similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.* ("FLSA"), to recover unpaid overtime compensation from his former employer Defendant C6 Disposal Systems, Inc. The Complaint also includes companion claims to recover under the Texas common law theory of quantum meruit. Taylor and the proposed class members are current and former employees of Defendant (a solid waste company providing waste collection, recycling, and disposal services) who worked as waste disposal drivers and were responsible for hauling waste and garbage to landfill and transfer facilities throughout the San Antonio area. Taylor

alleges that Defendant's regular practice was to automatically deduct a 30-minute meal period from all waste disposal drivers' daily time even though they regularly worked "off the clock" during their meal periods. Taylor also alleges he and other waste disposal drivers were not paid for all time spent waiting in line at the landfill. Defendant has filed a counterclaim against Taylor for fraudulent misrepresentation, alleging that Taylor intentionally falsified his timesheets and misrepresented that he was taking his required lunch break in a blatant attempt to later file this lawsuit and seek overtime compensation.

Taylor now moves to conditionally certify the following class as to his FLSA overtime claims:

> All Waste Disposal Drivers Who Worked for C6 Disposal Systems, Inc. Anywhere in the United States, At Any Time from April 3, 2016 Through the Final Disposition of this Matter.[1]

Taylor alleges all waste disposal drivers were victims of the same company-wide policy of failing to compensate them for hours worked during their 30-minute lunch break and for time spent in line at the dump. Taylor claims he and other waste disposal drivers were forced to work through lunch to be able to complete their assigned routes and that if they tried to take a break, management would call them and direct them to continue on their scheduled route.

To be entitled to conditional certification Plaintiffs must satisfy the lenient standard for certification under *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which has been adopted by the majority of courts in the Fifth Circuit. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs., Inc.,* 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (collecting cases). To satisfy the *Lusardi* standard, a plaintiff must

---

[1] Taylor conceded at the initial pretrial conference that this case only concerns the San Antonio, Texas area and therefore a nationwide class is not needed. Accordingly, the Court will limit the certified class to the local geographic area where all three Plaintiffs worked.

put forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 & n.8 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). In making this determination, courts consider such factors as whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted). Plaintiffs have met the low bar of step one of the *Lusardi* standard.

In support of his motion, Taylor attaches his declaration [#19-1] and the declarations of the two other Plaintiffs who have opted into this lawsuit to date: Jerry Garibay [#19-2] and Tommy Santana [#19-3]. All three declarations state that Plaintiffs were employed by Defendant as non-exempt waste disposal drivers at Defendant's San Antonio, Texas facility during the relevant statutory period. (Taylor Decl. [#19-1] at ¶ 2; Garibay Decl. [#19-2] at ¶ 2; Santana Decl. [#19-3] at ¶ 2.) All three Plaintiffs describe their duties as "the collection, transportation and disposal of waste" for Defendant in the San Antonio, Texas area. (Taylor Decl. [#19-1] at ¶ 4; Garibay Decl. [#19-2] at ¶ 4; Santana Decl. [#19-3] at ¶ 4.) Each Plaintiff also states that Defendant automatically deducted a 30-minute meal period from their daily hours even though they regularly worked for Defendant through their meal period, either eating their lunch while working or not eating at all. (Taylor Decl. [#19-1] at ¶¶ 7, 8; Garibay Decl. [#19-2] at ¶¶ 7, 8; Santana Decl. [#19-3] at ¶¶ 7, 8.) Garibay also states that if his truck stopped during his route for a break, his supervisors would contact him via the company radio and tell him to hurry up and get back to work, even if he told his supervisors he was taking a lunch break. (Garibay Decl.

[#19-2] at ¶ 13.) According to Garibay, he could hear over the radio supervisors telling his coworkers also to go back to work and to stop taking a break. (Garibay Decl. [#19-2] at ¶ 13.) All three Plaintiffs state that they have talked to other drivers for Defendant who were subjected to this same pay policy and, based on these conversations, believe there are other drivers who would join this lawsuit to recover their unpaid overtime compensation. (Taylor Decl. [#19-1] at ¶¶ 9, 13, 16; Garibay Decl. [#19-2] at ¶¶ 9, 14, 17; Santana Decl. [#19-3] at ¶¶ 9, 13, 16.)

These allegations satisfy Plaintiffs' burden to make a "modest factual showing" that they and other potential Plaintiffs are similarly situated; were together victims of the same payment policy or plan; and that there is a reasonable basis for crediting the assertion that other aggrieved individuals exist. *See Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted); *Vargas v. HEB Grocery Co., LP*, NO. SA-12-CV-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012). Defendant argues that the fact that some Plaintiffs, such as Taylor, may have been paid a piece rate, where others, like Garibay and Santana, were paid both an hourly rate and later a piece rate should preclude conditional certification of all drivers. (*See* Taylor Decl. [#19-1] at ¶ 3; Garibay Decl. [#19-2] at ¶ 3; Santana Decl. [#19-3] at ¶ 3.) The Court is not persuaded. The declarations establish that all three Plaintiffs contend they were subject to automatic meal-period deductions even when they worked through their lunch break. If post-certification discovery uncovers material differences in the pay practices of Defendant as to waste disposal drivers hauling construction debris versus those who service commercial dumpsters versus those who service residential customers, Defendant may move for decertification. At this time, these distinctions as to the types of waste hauled are not relevant to the similarly-situated inquiry.

Nor is the Court convinced that this case requires individual inquiries beyond what is required in other overtime compensation cases regarding individualized damages such that the

Court should decline to employ the collective-action notice process in this case. "Although the need for individual testimony regarding factual allegations and defenses may become apparent at a later stage of this lawsuit, it does not negate that plaintiffs have presented a 'factual nexus' that binds the named plaintiffs and the potential class members." *Macias v. BF Waste Servs. of Tex., LP*, No. 2:16-CV-00245-J, 2017 WL 1929496, at *3 (N.D. Tex. May 9, 2017) (granting conditional certification to class of drivers allegedly subject to automatic lunch-period deduction); *but see Dudley v. Texas Waste Sys., Inc.*, No. 5:05-CA-0078-XR, 2005 WL 1140605, at *2 (W.D. Tex. May 16, 2005) (denying conditional certification in part due to necessity of hearing individual testimony regarding whether drivers regularly took lunch breaks). Again, if individual issues ultimately predominate this suit, Defendant may move for decertification at a later date.

Finally, the Court will not entertain Defendant's arguments that Plaintiffs cannot prevail on their FLSA claims because they regularly failed to inform Defendant that they were not taking a lunch break on any given day, so as to entitle them to overtime compensation. This is a merits argument based on the evidence that will ultimately be produced in discovery, and any argument regarding the merits of Plaintiff's claims is inappropriate at the conditional certification stage of an FLSA action. *See Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012).

Accordingly, the Court will grant Plaintiff's motion and order the parties to meet and confer on their disputes regarding Plaintiff's proposed notice and consent to join this suit and submit to the Court a revised joint notice within 14 days of this Order.

### III. Conclusion

Having considered Plaintiff's motion, the responses and reply thereto, the supporting declarations, as well as the entire record in this case,

**IT IS HEREBY ORDERED** that Plaintiff's Opposed Motion for Conditional Certification and Notice to the Putative Class Members [#19] is **GRANTED** as follows:

1. The Court hereby **conditionally certifies a collective action** under the Fair Labor Standards Act, 29 U.S.C. § 216, comprised of:

> All Waste Disposal Drivers who worked for C6 Disposal Systems, Inc., in San Antonio, Texas, at any time from April 3, 2016 to present.

2. Within **14 days** after entry of this Order, **on or before August 28, 2019**, the parties are required to **meet and confer** regarding the substance of Plaintiff's proposed notice and to submit to the Court their proposed notice for approval in light of this Order. If the parties successfully reach an agreement regarding the notice, they should notify the Court of the same. If there are portions of the notice on which the parties do not agree, the parties should submit their respective positions to the Court for resolution.

3. Any relief requested not expressly granted herein is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 14th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE